IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal Action No. 1:19-cr-374 (RDA/IDD) |
| ) | |
| REGINALD KEITH TOLLIVER III, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Reginald Keith Tolliver III's ("Defendant") Motion, by counsel, for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 ("Motion"). Dkt. 49. Having considered Defendant's Motion together with the Government's Response (Dkt. 51),[1] the Court GRANTS-IN-PART and DENIES-IN-PART the Motion.

### I. BACKGROUND

The facts here are appropriately drawn from the Statement of Facts (the "SOF") to which Defendant admitted during his plea colloquy and the Presentence Investigation Report (the "PSR") adopted by the Court at sentencing. Dkt. Nos. 22 (the SOF); 49 (the PSR); 41 (the "J&C").

On or about July 2, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year knowingly possessed in and affecting interstate and foreign commerce a firearm, specifically, a Sig Sauer, model SP2022, semi-automatic pistol. Dkt. 22 at 1. Defendant had been convicted of three prior felonies in Virginia.

---

[1] Defendant did not file a reply brief and the time for doing so has passed.

Following these felony convictions, on or about July 2, 2019, Defendant possessed a Sig Sauer model SP2022, semi-automatic pistol during a shootout with other individuals in Alexandria, Virginia. *Id.* Approximately 25 minutes prior to this shooting, Defendant recorded a video of himself in possession of the Sig Sauer pistol. *Id.* Similarly, on or about July 1, 2019, the day before the shootout, Defendant took photographs depicting himself in possession of the pistol. *Id.*

On November 13, 2019, a criminal complaint was filed under seal charging Defendant with unlawfully, knowingly, and intentionally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1), and a subsequent arrest warrant was issued. Dkt. 49 at 3. On December 2, 2019, Defendant was arrested and on January 31, 2020, Defendant pleaded guilty to possession of a firearm by a felon. *Id.* This Court sentenced Defendant to 57 months of imprisonment, with the additional instruction that he participate in the Bureau of Prisons' Residential Drug Abuse Program, to be followed by three years of supervised release. Dkt. 41 at 2-3.

Defendant, through counsel, filed a motion for reduction of sentence on February 6, 2024. Dkt. 48. In his pending Motion, Defendant seeks a reduction of his sentence to 46 months based on U.S.S.G. Amendment 821. *Id.* at 1. On February 20, 2024, the Government filed its opposition to the Motion. Dkt. 50.

## II. ANALYSIS

The legal standard for evaluating a motion for sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines is set by 18 U.S.C. § 3582(c). In relevant part, Amendment 821 (1) reduces "status points" for certain offenders with less serious criminal histories and (2) provides for a decrease of two offense levels for individuals with no criminal history points and whose offense did not involve specific aggravating factors. U.S. Sentencing Comm'n.,

*Amendment to the Sentencing Guidelines* (August 31, 2023).[2] On August 24, 2023, the Commission voted to give retroactive effect to these provisions of Amendment 821. *Id.*, *see also* U.S. Sentencing Comm'n, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities* (Aug. 24, 2023), available at https://www.ussc.gov/about/news/press-releases/august-24-2023 (last accessed Oct. 18, 2024).

Further, "[w]hen the Commission makes a Guidelines amendment retroactive, 18 U.S.C. §3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). In deciding if a sentence reduction is appropriate, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B 1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826. U.S.S.G. § 1N 1.10(b)(1) requires the court to "determine [if] the amended guideline range [] would have been applicable to the defendant" at the time of the initial sentencing.

After determining that a sentence reduction is available, a court must consider the Section 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. *See* 18 U.S.C. § 382(c)(1)(A); *Dillon*, 560 U.S. at 827.

A. Amendment 821 Sentencing Calculation

Part A to Amendment 821 of the Sentencing Guidelines, now appearing in Section 4A1.1(e), states, "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

---

[2] This document is available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional status criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points. At sentencing, Defendant received a 2-point increase in his criminal history based on an adjustment that is no longer available pursuant to the retroactively applicable change to the Guidelines. Accordingly, both Defendant and the Government agree that under the amended provision as applied to Defendant, he no longer receives any increase for having committed the underlying offense while on probation. *See* Dkt. 48 at 1-2; Dkt. 50 at 3. Thus, both parties also agree that Defendant's Criminal History Category is reduced from IV to III, which results in a Guidelines range of 46-57 months, rather than the range of 57-71 months applied at sentencing.

The Court agrees that Amendment 821 applies to Defendant and his Guidelines range has been reduced.

## B. 3553(a) Factors

Although the parties agree that Amendment 821 applies, they dispute whether the Court should reduce Defendant's sentence. Defendant asks for a "proportional reduction" to a sentence of 46 months, at the "bottom of the adjusted guideline range." Dkt. 48 at 3. Defendant avers that he has earned his G.E.D. while in custody, and though he has received disciplinary infractions – none have been "particularly serious." *Id.*

The Government opposes the Motion on the basis that "a sentence below 57 months in this case would run afoul of the goals of sentencing." Dkt. 50 at 4. Particularly the Government argues that the nature and circumstances of Defendant's unlawful possession were far more extreme than a run-of-the-mill felon in possession case as Defendant's possession was only discovered after he actively discharged the firearm during a shootout in broad daylight on a public street, thus posing

a serious danger to not only his intended targets but to the public at large. *Id.* The Government further notes that this conviction was Defendant's fourth felony conviction and that Defendant has a long history of assaultive behavior and drug abuse and distribution. *Id.* at 6.

Pursuant to 18 U.S.C. § 3553(a), the Court will grant in part and deny in part Defendant's Motion and orders that Defendant's sentence be reduced to 52 months.[3] Though Defendant's Guideline range has shifted downward, Defendant displayed a lack of respect for the law and safety for other individuals and the public when he engaged in a shootout in broad daylight on a public street. Defendant's conduct is particularly troubling given Defendant's repeated violations of the law and felony convictions, starting at a young age. Dkt. 49 at 9-15. Despite the adjustment in Defendant's Guideline sentencing range, the nature and circumstances of the offense, Defendant's history and characteristics, the need to afford adequate deterrence, promote respect for the law, and protect the public from future crimes each weigh against granting the full extent of Defendant's requested relief. Further, although Defendant claims that his period of incarceration has been without much note, he has been disciplined for refusing to obey an order, refusing a drug alcohol test, and being in an unauthorized area. All such disciplinary infractions further display Defendant's lack of respect for the rule of law. The Court likewise declines to maintain Defendant's sentence at 57 months as such a sentence would not reflect the judgment of the Sentencing Commission regarding the application of the Amendment to the Guidelines.

---

[3] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) the history and characteristics he brings to the court; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (6) the applicable guideline sentence; (7) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; (8) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7). The first, second, and third factors carry the most weight here in the determination of the sentence now imposed.

As such, the Court declines to reduce the length of Defendant's sentence to the requested 46 months. Rather, a reduction of his sentence from 57 to 52 months is sufficient but no greater than necessary to reflect the goals of sentencing.

Accordingly, it is hereby ORDERED that Defendant's Motion (Dkt. 48) is GRANTED-IN-PART and DENIED-IN-PART; and it is

FURTHER ORDERED that Defendant's sentence is reduced to 52 months' imprisonment.

All other terms and conditions of the Judgment (Dkt. 41) shall remain in full force and effect.

The Clerk is directed to forward copies of this Order to counsel of record, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

It is SO ORDERED.

Alexandria, Virginia
~~October~~ ___, 2024
November 6

/s/
Rossie D. Alston, Jr.
United States District Judge